IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____
                                        )
MOHAMMAD RIMI, et al.,                  )
                                        )
       Petitioners-Appellants,          )
                                        )
            v.                          )    Nos. 10-5021, 14-5231
                                        )
BARACK H. OBAMA, et al.,                )
                                        )
       Respondents-Appellees.           )
_____)

**MOTION TO GOVERN FUTURE PROCEEDINGS**

    Appellees respectfully file this motion to govern further proceedings, suggesting that this appeal is ready to proceed to briefing, for the reasons explained below.

    1. Rimi is a habeas petitioner who was previously in the custody of the United States at the Guantanamo Bay Naval Base. He brought a habeas action challenging the lawfulness of his detention by the United States. In 2006, he was released from United States custody and control, and transferred to Libya. In light of those changed circumstances, the district court dismissed his habeas petition, along with those of other former detainees, as moot.

    Following the district court's decision, a number of former detainees, including Rimi, appealed to this Court. In July 2011, this Court resolved two lead cases of

former detainees, holding that the habeas petitions of the former detainees were moot. *Gul v. Obama*, 652 F.3d 12 (D.C. Cir. 2011).

Following the conclusion of proceedings in *Gul*, this Court ordered the parties to file motions to govern the various remaining cases of former detainees. Appellees in this case moved for summary affirmance, contending that petitioner's case is controlled by *Gul* and is therefore moot. Petitioner attempted to distinguish *Gul* by contending that, unlike petitioners in *Gul*, he had been detained by the government of Libya upon his release from United States custody. *See* Rimi Reply on Renewed Motion to Govern at 2-3 (June 7, 2012) (alleging that Rimi "remained in the constructive custody of the United States upon the government transferring him to Libya"). This Court denied the motion for summary affirmance and ordered briefing.

2. On November 5, 2012, Rimi moved to supplement the record and to remand the case to district court.[1] His motion contended that his detention by the government of Libya constituted a collateral consequence of his detention by the United States, but conceded that he is no longer detained or subject to any restrictions by the government of Libya.

Appellees opposed that motion and renewed their motion for summary affirmance, arguing that because Rimi conceded in his motion that he is no longer in detention in Libya and has not alleged any ongoing collateral consequences of

---

[1] That motion was filed in a classified form. This motion does not reference or rely on any classified material.

2

detention that are redressable by a United States court, his habeas case remained moot and his motion to remand was therefore futile. *See* Appellees' Renewed Motion for Summary Affirmance and Opposition to Petitioner's Motion for Remand at 4-6 (Nov. 15, 2012).

On January 30, 2013, this Court denied both appellees' renewed motion for summary affirmance and petitioner's motion to supplement the record and to remand, but without prejudice to petitioner renewing his motion to supplement in the district court pursuant to Federal Rule of Civil Procedure 60(b). The Court also ordered petitioner to file a motion to govern further proceedings within 30 days.

3. On February 28, 2013, petitioner filed a motion for reconsideration, asking this Court to reconsider its denial of petitioner's motion to supplement the record and to remand. He asserted that there was new evidence which bore on whether his prior detention in Libya was at the behest of the United States. Petitioner contended, however, that it would be futile to file a Rule 60(b) motion to supplement the record in the district court, as suggested by this Court, because such a motion would be out-of-time. *See* Motion for Reconsideration of Appellant's Motion to Supplement the Record, or Alternatively, Motion for Modification of *Per Curiam* Order at 2-5 (Feb. 28, 2013). He argued that this Court, therefore, should supplement the record with the new evidence and then remand to the district court. *Id.* at 4. In the alternative, he asked this Court to hold his appeal in abeyance while he files an independent action for relief in the district court. *Id.* at 5-6.

4. This Court denied petitioner's motion for reconsideration "without prejudice to appellant's ability to present evidence to the district court in the first instance." Order of April 16, 2013. The Court granted petitioner's unopposed request to hold this appeal in abeyance pending disposition of any such action in the district court. *Id.*

5. Petitioner subsequently filed an independent action in the district court, pursuant to Rule 60 of the Federal Rules of Civil Procedure, seeking reinstatement of his habeas action. On July 23, 2014, the district court dismissed petitioner's independent action. Petitioner then filed a notice of appeal (No. 14-5231), challenging the dismissal of his independent action, and moved to consolidate that appeal with his pending appeal (No. 10-5021), which this Court granted. The Court directed the parties to file motions to govern future proceedings in these appeals by November 17, 2014.

6. In appellees' view, petitioner's appeals are ready to proceed. Accordingly, this Court should enter a briefing schedule for these consolidated appeals.

Respectfully submitted,

/s/   Matthew M. Collette

_____

MATTHEW M. COLLETTE
 (202) 514-4214

/s/   Catherine H. Dorsey

_____

CATHERINE H. DORSEY
 (202) 514-3469
 Attorneys, Appellate Staff,
 Civil Division, Room 7236,
 Department of Justice
 950 Pennsylvania Avenue, N.W.,
 Washington, D.C.  20530-0001

November 17, 2014

## CERTIFICATE OF SERVICE

I certify that on November 17, 2014, I filed and served the foregoing Motion to Govern Future Proceedings by causing an electronic copy to be served on this Court via the ECF system, and by causing one copy to be served on the following counsel via the ECF system:

>Kenneth J. Nichols
>John C. Hayes, Jr.
>NIXON PEABODY LLP
>401 Ninth Street, NW, Suite 900
>Washington, DC 20004-2128
>(202) 585-8000

>    s/ Catherine H. Dorsey    
>    CATHERINE H. DORSEY